IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 MAR 27 PM 3: 07

| | | |
|---|---|---|
| FEDERATION OF AGENTS AND INTERNATIONAL REPRESENTATIVES, | } } } } | |
| Plaintiff, | } } | |
| v. | } } | CASE NO. CV 00-B-1756-S |
| LOCAL 1657 UNITED FOOD AND COMMERCIAL WORKERS' INTERNATIONAL UNION, | } } } } | **ENTERED** |
| Defendant. | } } | MAR 2 7 2002 |

## MEMORANDUM OPINION

Before the court are Cross Motions for Summary Judgment filed by plaintiff Federation of Agents and International Representatives ("plaintiff" or "FAIR") and defendant Local 1657 United Food and Commercial Workers' International Union ("defendant" or "Local 1657"). Both parties pursue their claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Plaintiff seeks summary judgment on its claim that the collective bargaining agreement ("CBA") entered into by the parties and the relevant law permits plaintiff to proceed to a single hearing before an arbitrator on both the timeliness and merits of plaintiff's grievance. Plaintiff also seeks an award of attorney's fees. Defendant seeks summary judgment on its counterclaim[1] that the court should dismiss the action because the matter is not a decision for the court.[2] Upon consideration of the record, submissions of the parties, argument of counsel, and the

---

[1] Defendant's original Answer included a defense and counterclaim to the effect that when the grieving party does not put forth a theory as to how the grievance could be considered timely, the grievance need not be arbitrated. However, defendant concedes in its summary judgment memorandum that plaintiff put forth such a theory in its summary judgment memorandum and that the timeliness issue is for the arbitrator. (Def.'s Brief at 4, n.1). The issue raised in defendant's counterclaim is no longer before the court.

[2] Although styled as a Motion for Summary Judgment, defendant's Motion is in reality in the nature of a Motion to Dismiss.

relevant law, the court is of the opinion that plaintiff's Motion for Summary Judgment is due to be denied, and defendant's Cross-Motion for Summary Judgment is due to be granted. The court finds that an award of attorney's fees is not warranted.

## FACTUAL SUMMARY

The relevant facts of this case are undisputed. FAIR represents a bargaining unit of the employees of Local 1657, a union. The unit represented by FAIR consists of full-time business agents, organizers and office/clerical employees of Local 1657. The parties executed a collective bargaining agreement effective January 11, 1991 through January 11, 2001. The CBA specifically provides a "Grievance and Arbitration" procedure that "shall be the sole and exclusive remedy for the settlement of all FAIR grievances arising hereunder. (CBA, Art. VII.) A dispute arose between the parties in December 1999, and grievances were filed by FAIR employees. Pursuant to the grievance and arbitration procedure identified in the CBA, FAIR corresponded with defendant in an effort to resolve the dispute. Ultimately, the FAIR employees sought to arbitrate the disputes. Defendant agreed to proceed to arbitration, with an initial hearing to address only the issue of "arbitrability" and then a second hearing to address the merits of the dispute if the dispute was found to be arbitrable.

## DISCUSSION

The issue before the court is whether the terms of the CBA and legal precedent compel the arbitration of the timeliness issue and merits of the grievance in a single hearing. The court finds that the CBA does not define the scope of the arbitrator's review of procedural versus substantive matters. Whether defendant's timeliness defense may be bifurcated from its defenses on the merits of the grievance is a matter to be decided by the arbitrator.

Sound principles guide the court's decision. The Supreme Court set out these principles four decades ago in a series of cases known as the *Steelworkers Trilogy: Steelworkers v.*

*American Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960). These cases serve as the foundation for the industrial community's continued reliance on arbitration as the preferred method of resolving disputes that arise when a CBA is in place. *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986). Several important rules may be gleaned from the *Trilogy*. The first of these rules is that arbitration arises out of a contractual agreement wherein the parties to the contract agree in advance to submit disputes to arbitration. *Id.* (citations omitted). The second rule is that the question of arbitrability - "whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance" - is a question for the court. *Id.* at 649. Third, when deciding whether the parties have agreed to submit a particular grievance to arbitration, the court is precluded from ruling on the potential merits of the underlying claims. *Id.* Finally, where the contract contains a provision for arbitration of disputes, a presumption of arbitrability arises, and all doubts about whether the arbitration clause covers the asserted dispute should be resolved in favor of coverage "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 650 (quoting *Warrior*, 363 U.S. at 582-83). The presumption of arbitrability for labor disputes "recognizes the greater institutional competence of arbitrators in interpreting collective-bargaining agreements, 'furthers the national labor policy of peaceful resolution of labor disputes and thus best accords with the parties' presumed objective in pursuing collective-bargaining agreements." *Id.* at 650 (quoting *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 371-72 (1984)).

  The role of the court is to determine whether or not the parties are bound to arbitrate and what issues they must arbitrate based upon the language of the contract entered into by them. *AT & T*, 475 U.S. at 648-49. *United Paperworkers Int'l v. International Paper Co.*, 920 F.2d 852,

855 n.2 (11th Cir. 1991). Plaintiff brought this lawsuit based, in part, upon George Seidenfaden's ("Seidenfaden"), President and CEO of Local 1657, statement in a letter to plaintiff's counsel that the defendant would only agree to arbitrate the "arbitrability" of the dispute. Plaintiff's complaint asks the court to require the defendant to proceed to a hearing on the discipline grievances before a single arbitrator where defendant could present both its procedural and substantive defenses.

Although defendant contested the arbitrability of the dispute in its answer and counterclaim, defendant conceded in its memorandum brief that "there are at least some very narrow aspects of the merits of this dispute which are arguably within the scope of an arbitrator's authority under the collective bargaining agreement." (Def.'s Brief at 3.) Because both parties agree that arbitration of the dispute is within the scope of CBA, the court need not decide it. By agreement of the parties, the grievance is to be arbitrated.

The court now turns to the remaining issue of whether the CBA prescribes that the issue of timeliness of a grievance is another aspect of the grievance that must be submitted with the merits to the arbitrator for resolution. In its correspondence to defendant, FAIR proposed to consolidate its grievances[3] for presentation to a single arbitrator. (P's Supplemental Submission, tab 14.) The defendant, through a letter from Seidenfaden, denied the grievances as untimely. (*Id.* at tab 15.) Plaintiff responded that it was aware of defendant's timeliness defense but pointed out that the timeliness issue was one for the arbitrator when he decided the substantive

---

[3] The grievances, at one point, involved three employees with the same and different issues. Plaintiff ultimately proposed to submit to arbitration the grievance as it involved two employees with the same issue. The substance of the grievances is not relevant to the court's disposition of the case. It is important to note, however, that although plaintiff seems to have requested that the grievances of two employees involving the same issue be consolidated, plaintiff has not asked the court to determine whether the CBA allows it. Therefore, the court does not decide the issue. As the court understands plaintiff's prayer for relief, it asks the court only to determine whether the procedural (timeliness) issue and the substantive (merits) issue should be addressed in a single hearing.

4

issues. (*Id.* at tab 16.) Defendant responded by reiterating its position that there were no outstanding grievances and if there were, "they would be untimely and ungrievable under the FAIR contract language." (R. at 27-17.) Because the defendant now concedes that the grievances are arbitrable, (Def.'s Brief at 3), plaintiff asks the court to order that the arbitrator hear plaintiff's grievance in a single hearing addressing both the timeliness issue and the merits. The court declines to do so.

Once it has been determined that the parties are bound by the terms of the contract to submit their dispute to arbitration, "'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *Aluminum Brick & Glass Workers v. AAA Plumbing*, 991 F.2d 1545, 1550 (11th Cir. 1993). Labor disputes cannot easily be dissected into "substantive" and "procedural" components, because "[q]uestions concerning the procedural prerequisites to arbitration do not arise in a vacuum" but are "develop[ed] in the context of an actual dispute." *John Wiley*, 376 U.S. at 556-57. "It would be a curious rule which required that intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other." *Id.* at 557. A case that is strictly procedural and would operate to bar arbitration altogether falls within the purview of the court but such a case would be rare because policy favors arbitration when the parties have selected arbitration as the preferred method of settling disputes. *Id.* at 558. Even when the court decides a purely procedural matter, the arbitrator would be free to reconsider matters previously considered by the court insofar as those matters bore on the merits of the dispute. *Id.* at 558. No justification is found for the duplicative effort and unnecessary delay created by allowing the courts to resolve procedural matters arising out of the same set of facts and questions relevant to the arbitrator's determination of the substantive

issue of a dispute. *Id.* Therefore, the law favors treating procedural issues as an aspect of the dispute arising from the underlying substantive claim. This Circuit recognizes that timeliness is one such procedural issue. *Aluminum Brick*, 991 F.2d at 1550 (citing *Chicago Typographical Union, No. 16 v. Chicago Sun-Times, Inc.*, 860 F.2d 1420, 1424 (7th Cir. 1988)).

  Whether there should be one arbitration proceeding or two is a procedural question. The question is not whether a dispute or an issue is to be arbitrated, but how the arbitration of that issue is to be conducted. The CBA here defines a grievance as "a dispute or controversy arising out of or involving the interpretation or application of this Agreement." (R. at 23-1, Art VII.) The CBA sets forth the steps for processing a grievance. (*Id.*) The fourth step provides that a grievance that is not settled in step three "may . . . be referred by either party to arbitration." (*Id.*) The agreement asserts that this procedure "shall be the sole and exclusive remedy for the settlement of all FAIR grievances arising hereunder." (*Id.*)

  The arbitration provision of the CBA is broad. It requires that any dispute or controversy arising out of or involving the interpretation or application of the CBA be resolved through the four-step process, culminating in arbitration. The parties here dispute whether the timeliness issue and the substantive issues of the dispute are matters that should be heard in separate hearings or whether one party can compel that the issues be heard jointly in a single hearing. The arbitration clause is not so clear that the court can say with positive assurance that one party has a right to insist on hearing all procedural and substantive issues in one proceeding. The controversy involves the interpretation or application of the CBA and is one for the arbitrator, not for the court. *International Union of Operating Eng'rs, Local 150, AFL-CIO v. Flair Builders, Inc.*, 406 U.S. 487, 491-92 (1972).

  Plaintiff contends that the holding of *United Steelworkers of America v. Jones and Armstrong Steel Company*, 74 L.R.R.M. 2374 (N.D.Ala. 1970), requires a result different from

the one the court reaches here. In *Jones*, the plaintiff referred a grievance to arbitration as required by the CBA. The defendant replied that the grievance was untimely and refused to submit the grievance to a single arbitrator to hear the timeliness issue and the merits together. The court found that plaintiff was entitled to submit the grievance to arbitration without the expense and inconvenience of separate hearings for procedural and substantive issues. The court declines to follow this holding. In reaching its decision, the *Jones* court relied on *John Wiley*, 376 U.S. 543; *Avon Prods., Inc. v. UAW*, 386 F.2d 651 (8th Cir. 1967); *Fitchburg Paper Co. v. MacDonald*, 242 F. Supp. 502 (D.Mass. 1965); *Teamsters v. Hess Oil*, 226 F. Supp. 452 (D.N.J. 1964); and *Traylor Eng'g v. USWA*, 220 F. Supp. 896 (E.D. Pa. 1963). However, the cases on which the *Jones* court relied do not require the court to determine the procedure that the arbitrator is to follow when procedural and substantive issues are both submitted. These cases hold that once the court determines that the parties have committed their disputes to arbitration, decisions regarding procedure are for the arbitrator. The court finds, and the parties concede, that the grievances are to be submitted to arbitration. Because the parties are obligated to submit the dispute to arbitration, "it is the arbitrator, and not the court, who is to decide questions of procedure." *Bealmer v. Texaco, Inc.*, 427 F.2d 885, 887 (5th Cir. 1970).[4]

## ATTORNEY'S FEES

Plaintiff contends that it should be awarded attorney's fees because defendant refused or thwarted arbitration and did so without justification. Defendant submits that an award of attorney's fees is not appropriate or permissible here. The court agrees with the defendant and declines to award attorney's fees to plaintiff.

---

[4] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Section 301 of the Labor Management Relations Act does not specifically provide for the award of costs and attorney's fees. 29 U.S.C. § 185. *See also International Assoc. of Machinists and Aerospace Workers, Dist. 76 v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir. 1976). However, if a party refuses to arbitrate or to be bound by an arbitration award, fees are awarded if the defaulting party acted without justification or if the party resisting arbitration did not have a reasonable chance to prevail. *Texas Steel*, 538 F.2d at 1121 (citing *Local No. 149 Int'l Union, UAW-AFL-CIO v. American Brake Shoe Co.*, 298 F.2d 212 (4th Cir. 1962)). *See also Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Brothers Co.*, 625 F.2d 1092, 1094 (3rd Cir. 1980). Determining whether attorney's fees should be awarded is "a matter resting within the sound discretion of the trial judge." *American Brake Shoe Co.*, 298 F.2d at 215.

A fee award in this case is not permitted because defendant has not refused to arbitrate. In correspondence to plaintiff prior to this litigation, defendant responded that plaintiff's grievances were "untimely" and that it would only arbitrate the "arbitrability" of the grievance. (R. at 27-17.) At no time has the defendant refused to arbitrate. In any event, the defendant now concedes that the grievance is to be arbitrated. The pre-litigation "posturing" by defendant does not constitute "refusal" to arbitrate contemplated by the courts when they have recognized the right to attorney's fees. *See Texas Steel*, 538 F.2d at 1121; *American Brake Shoe Co.*, 298 F.2d at 213-14. Even if the defendant disagreed with the issue to be arbitrated, it always demonstrated an intent to arbitrate under the agreement. The defendant has not "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" to justify a fee award. *Chamber v. NASCO, Inc.* 501 U.S. 32, 45-46 (1991). *See also American Federation of Musicians, Local 2-197, AFL-CIO v. The St. Louis Symphony Soc'y*, 203 F.3d 1079, 1081 (8th Cir. 2000). The request for fees is due to be denied.

8

## **CONCLUSION**

After a careful review of all the evidence, the court concludes that plaintiff's Motion for Summary Judgment is due to be denied. Defendant's Cross Motion for Summary Judgment, which the court construes as a Motion to Dismiss, is due to be granted. An Order denying plaintiff's Motion for Summary Judgment and granting defendant's Cross Motion for Summary Judgment will be entered contemporaneously with this Opinion.

**DONE** this 27th day of March, 2002.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge